**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA and THE
STATE OF MICHIGAN *ex rel.* GEORGE
KARADSHEH, and GEORGE
KARADSHEH, individually,

                  Plaintiffs,        Case No. 2:13-cv-13333
                                        Honorable Denise Page Hood
    v.                              Magistrate Judge David R. Grand

FARID FATA, M.D.; MICHIGAN
HEMATOLOGY-ONCOLOGY,
P.C., *et al.*,

                  Defendants.
_____/

**UNITED STATES' REPLY IN SUPPORT OF**
**ITS MOTION TO DISMISS CROSS-CLAIM**

The government has moved to dismiss relator George Karadsheh's cross-claim against the United States because, as a matter of law, he cannot demonstrate that he is entitled under the False Claims Act to a share of an alternate remedy. Specifically, (1) he did not plead allegations in a *qui tam* complaint that were the subject of an alternate remedy, and (2) even if he had intimated such allegations, he did not do so with the particularity required by Federal Rule of Civil Procedure 9(b). Therefore, controlling Sixth Circuit law precludes his recovery. *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 641–43, 645–46,

1

650–51, (6th Cir. 2003) ("*Bledsoe I*"); *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 521–23 (6th Cir. 2007) (*"Bledsoe II"*); *see also Rille v. PricewaterhouseCoopers LLP*, 803 F.3d 368, 372–74 (8th Cir. 2015).

I. **Karadsheh ignores the controlling Sixth Circuit case law that bars his cross-claim**

In Karadsheh's response, there is no mention of *Bledsoe II* or *Rille*, and there is only a passing reference to *Bledsoe I*. (*See* Dkt. # 51, PgID 467). This is so despite the government providing a lengthy comparison between the facts of this case and the facts in *Bledsoe II*. (Dkt. # 49, PgID 459–60). Instead, Karadsheh argues that "the Court has already held that [the government's first] argument fails, and that Relator is entitled to draw from information disclosed to the Government … outside the four corners of the Complaint." (Dkt. # 51, PgID 465). But when the Court issued its Order reopening this case, it did so after applying the catch-all provision of Federal Rule of Civil Procedure 60(b)(6). (Dkt. # 47, PgID 424). Now that the case has been reopened and the government has filed its motion to dismiss, the Court must now determine whether there is a legal basis for Karadsheh's cross-claim under Rule 12(b)(6).

Karadsheh also paraphrases one of the government's arguments as "Crittenton is not named in Relator's complaint prior to the self-disclosure," (Dkt. # 51, PgID 468), but that is not the government's position. Rather, the government's first argument is that there are no allegations about illegal financial

relationships between Crittenton and Fata *anywhere* in Karadsheh's *three qui tam* complaints. And based on the Court's own findings, as well as its citation to controlling Sixth Circuit law, there is no legal basis for Karadsheh's claims: "The Court finds that Karadsheh did not notify the Government of any illegal financial relationship between Crittenton and Fata in any of its pleadings in this case." (*Id.* at PgID 426, 425).

In an apparent attempt to steer the Court in the wrong direction—away from controlling case law and towards the immaterial, alleged disclosures made outside of his three *qui tam* complaints—Karadsheh argues that "Crittenton's self-disclosures would not have happened but for the initiation of Relator's *qui tam* law suit [and] the information subsequently provided by Relator throughout the Government's investigation …." (Dkt. # 51, PgID 466). This theory has been referred to as the "catalyst theory," and courts have rejected it as contrary to the explicit statutory language of the False Claims Act. *See Rille*, 803 F.3d at 374 (addressing the argument that relators "'were the catalyst leading to the Government's settlement,'" and holding that "The Act does not provide for an award to relators from the proceeds of settlements that 'resulted from' the claim or were 'caused by' the claim; relators are limited to a percentage of 'proceeds of the … settlement *of the claim*.'").

Karadsheh also claims "it does not appear that the Government seriously

3

disputes the facts alleged and whether Relator communicated with the Government … exposing problematic financial arrangements between Crittenton and Fata ….” (Dkt. # 51, PgID 466–67). This is not true. The government does indeed dispute Karadsheh's claims. (*See* Govt.'s Resp. to Mot. to Reopen, Dkt. # 44, PgID 358–61) (addressing the alleged disclosures made by Karadsheh outside of the complaints). But because this is a motion to dismiss under Rule 12(b)(6), it does not matter what the government thinks; the Court must accept all well-pleaded factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001).

## II. Karadsheh's intended discovery plans justify dismissing this case

As a matter of law, as noted above, Karadsheh's cross-claim should not proceed. Karadsheh's proposed discovery plan, however, exposes why the equities also favor the government. Karadsheh wants to hamstring government resources by demanding "significant discovery and exchanges … including review of governmental investigative notes … [and] review of documents and computer files …." (Dkt. # 51, PgID 465). From the government's perspective, Karadsheh has already received more discovery than he was due. (*See* Dkt. # 44, PgID 360–61) (summarizing the materials already provided to Karadsheh in an effort to avoid motion practice with the Court). In addition, should this case proceed past the dismissal stage, because of Karadsheh's ambitious perspective on discovery, it is

4

likely the parties will be engaged in discovery disputes before the Court, further burdening judicial and governmental resources.

More importantly, however, now that the case has been reopened and the Court is evaluating the government's motion under a different standard, there is no reason to permit Karadsheh to continue pursuing relief for which the law does not provide. No further discovery should be had, and no further governmental or judicial resources should be taxed. Respectfully, the United States submits that the Court should apply controlling Sixth Circuit law and dismiss this case.

                                      Respectfully submitted,

                                      MATTHEW SCHNEIDER
                                      United States Attorney

                                      */s/Brandon C. Helms*
                                      Brandon C. Helms
                                      Assistant United States Attorney
                                      211 W. Fort Street, Suite 2001
                                      Detroit, Michigan 48226
                                      Phone: (313) 226.9639
Dated: June 27, 2019             Email: Brandon.Helms@usdoj.gov

## **CERTIFICATION OF SERVICE**

I hereby certify that on June 27, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

>*/s/Brandon C. Helms*
>Brandon C. Helms
>Assistant United States Attorney