UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA and
THE STATE OF MICHIGAN *ex rel.*
GEORGE KARADSHEH, and GEORGE
KARADSHEH, individually,

    Plaintiffs,

v.

FARID FATA, M.D.; MICHIGAN
HEMATOLOGY-ONCOLOGY, P.C., *et al.*,

    Defendants,

and

GEORGE KARADSHEH,

    Cross-Plaintiff,

v.

UNITED STATES OF AMERICA,

    Cross-Defendant.
_____/

Case No. 2:13-cv-13333
Honorable Denise Page Hood

**ORDER GRANTING THE UNITED STATES OF AMERICA'S
MOTION TO DISMISS CROSS-CLAIM [ECF No. 49] and
DISMISSING AND CLOSING THIS CAUSE OF ACTION**

**I.    INTRODUCTION**

Plaintiff George Karadsheh ("Karadsheh") filed a *qui tam* action on August

5, 2013. Pursuant to a series of stipulations of dismissal in March - June 2017, the case was closed on June 29, 2017. On March 2, 2019, the Court reinstated the *qui tam* action upon deciding Karadsheh's Motion to Reinstate *Qui Tam* Case and for Leave to File a Cross-Claim against the United States ("Motion to Reinstate"). ECF No. 47. After Karadsheh timely filed a Cross-Claim, cross-defendant United States of America (the "Government") filed a Motion to Dismiss Cross-Claim ("Motion to Dismiss"). ECF No. 49. The Motion to Dismiss has been fully briefed. The Court, having concluded that the decision process would not be significantly aided by oral argument, previously ordered that the Motion to Dismiss would be resolved on the motion and briefs submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). ECF No. 53.

## II. BACKGROUND

Karadsheh filed this *qui tam* action on August 5, 2013, four days after he contacted the United States Department of Justice of his concern that Dr. Farid Fata ("Fata") was intentionally mis-diagnosing his patients and recommending medically unnecessary chemotherapy to patients who did not have cancer. On August 6, 2013, the Government charged Fata with multiple counts of health care fraud, and a first indictment against Fata was filed on August 14, 2013. Fata pled guilty on September 16, 2014. Fata fraudulently billed Medicare approximately

$35 million and harmed hundreds of patients by diagnosing them with cancer and subjecting them to medically unnecessary chemotherapy treatment.

In conjunction with Fata's misdeeds, the Government obtained three separate financial recoveries: (1) approximately $13 million in forfeiture proceedings associated with Fata's criminal conviction, of which Karadsheh was awarded 10% of the recovery ($1.3 million, of which he has received at least $920,000); (2) $790,915.42 from False Claims Act allegations related to medically unnecessary laboratory testing performed by Crittenton Hospital on Fata's patients, of which Karadsheh was awarded 20% of the recovery ($158,209.40); and (3) a $3.27 million settlement stemming from a self-disclosure Crittenton made on July 23, 2015 regarding seven illegal financial arrangements between Crittenton and Fata.

Karadsheh has not been awarded any amount from the $3.27 million settlement because, the Government maintains, he did not inform the Government about illegal financial arrangements between Crittenton and Fata in any of his three *qui tam* complaints (filed August 5, 2013, November 5, 2013, and April 10, 2017).
Karadsheh filed the Motion to Reinstate for the purpose of recovering a share of the $3.27 million settlement and, when the Motion to Reinstate was granted, Karadsheh filed the Cross-Claim the Government seeks to dismiss.

III. ANALYSIS

A.  **Standard of Review**

In deciding the Motion to Reinstate, the Court evaluated Karadsheh's motion pursuant to Federal Rule of Civil Procedure 60(b)(6).  Rule 60(b)(6) provides that a court may vacate a judgment for "any other reason that justifies relief."  In deciding the instant Motion to Dismiss, however, the Court employs a different standard in evaluating the Cross-Claim filed by Karadsheh, specifically Rule 12(b)(6).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint.  Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff.  *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful.  *Id.* at 556.  Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**B.     Analysis**

In order to recover on a *qui tam* claim – which is ultimately what Karadsheh is seeking to accomplish pursuant to his Cross-Claim, Sixth Circuit law requires that a plaintiff allege with particularity – as required by Rule 9(b) – <u>in his complaint(s)</u> the "alternate remedy"[1] upon which he seeks to recover. *See United States ex re. Bledsoe v. Community Health Sys., Inc.*, 342 F.3d 634, 641 (6th Cir. 2003) ("*Bledsoe I*").

It is the relator's burden to demonstrate that the allegations in his complaint overlap with the conduct described in the Government's alternate remedy, such as in the self-disclosure by Crittendon that resulted in the settlement agreement between Crittendon and the Government. *Bledsoe I*, 342 F.3d at 650-51; *United States ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 521-23 (6th Cir. 2007) ("*Bledsoe II*"). *See also Rille v. PricewaterhouseCooper LLP*, 803 F.3d 368, 372 (8th Cir. 2015) (a relator's "right to recovery is limited to a share of the settlement of the claim that they brought," and "does not extend to a different claim that is settled by the government when that claim was not originally 'brought by'

---

[1] Under the "alternate remedy" provision of the False Claims Act, the Government may elect to pursue a remedy through an administrative proceeding rather than through a district court action. *See* 31 U.S.C. § 3730(c)(5).

the relator."). A relator such as Karadsheh is not entitled to a share of an alternate remedy if he "fail[s] to plead fraud with particularity" in the complaint or complaints that form the basis of the Government's alternate remedy. *Bledsoe II*, 501 F.3d at 522.

The Government maintains that Karadsheh's Cross-Claim must be dismissed because none of his *qui tam* complaints indicate that Karadsheh alerted the Government to any alleged illegal financial relationship between Crittenton and Fata. The Court agrees. As the Court recognized in its March 27, 2019 Order.

> <u>The Court finds that none of the complaints filed by Karadsheh suggests any illegal financial arrangement (a kickback scheme in violation of the Stark Law) between Crittenton and Fata</u>. It is undisputed that: (a) Karadsheh's August 5, 2013 complaint did not mention Crittenton or contain any allegations against Crittenton; (b) Karadsheh did not list Crittenton as a defendant when he filed his first amended complaint on November 5, 2013; . . . (d) Karadsheh's second amended complaint, filed on November 24, 2015, named Crittenton and Crittenton Cancer Center as defendants for the first time, and (in Karadsheh's words) they were named as defendants "for failing to identify and refund overpayments to the government after Fata was arrested and pled guilty," *see* Dkt. No. 42, PgID 325; and (e) the second amended complaint was not unsealed until April 10, 2017. <u>The Court finds that Karadsheh did not notify the Government of any illegal financial relationship between Crittenton and Fata in any of its pleadings in this case</u>.

ECF No. 47, PgID 425-26 (emphasis added). Plaintiff still has not demonstrated that the allegations in his complaints overlap with the conduct described in the Government's alternate remedy (the settlement agreement with Crittendon).

6

*Bledsoe I*, 342 F.3d at 650-51.

The Court also finds that Plaintiff does not sufficiently plead the underlying facts with the particularity required by Rule 9(b). *Bledsoe I*, 342 F.3d at 641. As the Court noted in its March 27, 2019 Order, "the most Karadsheh alleged in any . . . complaint was that Crittenton administrators met with Fata at undisclosed times about undisclosed matters." ECF No. 47, PgID 426 (citing *See* Dkt. No. 23 (Second Amended Complaint), PgID 169). The Court allowed Karadsheh to file a Cross-Claim pursuant to Rule 60(b)(6) because Karadsheh had communicated some manner of financial relationship between Fata and Crittendon to FBI Special Agent Kevin J. Swanson in August 2013 and in a Second Supplemental Disclosure dated May 21, 2014 that "was deserving of scrutiny." Contrary to Karadsheh's statement at Paragraph 9 of the Cross-Claim, however, the Court did not determine that nothing more than a "relator's disclosures made to the [Government] outside of the Complaint that put the [Government] on the trail of fraud can form the basis of a relator's claim to an alternate remedy." As the Cross-Claim fails to sufficiently allege that his *qui tam* complaints established that Fata and Crittendon had in an illegal financial relationship, however, the Court cannot find that Plaintiff has pleaded a viable claim.

The Court is not persuaded by Karadsheh's argument that he has sufficiently

7

pleaded his Cross-Claim because "Crittenton's self-disclosures would not have happened but for the initiation of Relator's *qui tam* law suit [and] the information subsequently provided by Relator throughout the Government's investigation ...." ECF No. 51, PgID 466. That argument is inconsistent with the explicit statutory language of the False Claims Act, which allows a relator to recover a percentage of the proceeds of the settlement of "the claim" brought by the relator, and only that claim. *See, e.g., Rille*, 803 F.3d at 374 (citations and internal quotations omitted) (addressing the argument that relators "were the catalyst leading to the Government's settlement," and holding that "The Act does not provide for an award to relators from the proceeds of settlements that 'resulted from' the claim or were 'caused by' the claim; relators are limited to a percentage of 'proceeds of the ... settlement of the claim' brought by the relators.").

For the reasons stated above, the Court grants the Motion to Dismiss.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the United States of America's Motion to Dismiss Cross-Claim ("Motion to Dismiss") [ECF No. 49] is GRANTED.

IT IS FURTHER ORDERED that, as there are no other pending matters, this cause of action is DISMISSED and CLOSED.

IT IS ORDERED.

                                    s/Denise Page Hood  
                                    DENISE PAGE HOOD  
Dated: December 9, 2019      UNITED STATES DISTRICT JUDGE